IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 9, 2008

## STATE OF TENNESSEE v. TRYPHENA NICOLE JONES

**Direct Appeal from the Circuit Court for Madison County**
**No. 07-514     Donald H. Allen, Judge**

_____

**No. W2008-00186-CCA-R3-CD  - Filed September 12, 2008**

_____

The defendant, Tryphena Nicole Jones, pled guilty to possession of cocaine and failure to appear, both Class A misdemeanors, and was sentenced to consecutive terms of eleven months, twenty-nine days at seventy-five percent release eligibility.  On appeal, she argues that the trial court erred in imposing consecutive sentencing.  Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and CAMILLE R. MCMULLEN, JJ., joined.

Gregory D. Gookin, Assistant Public Defender, for the appellant, Tryphena Nicole Jones.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; Jerry Woodall, District Attorney General; and Shaun A. Brown and Brian M. Gilliam, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

### FACTS

At the guilty plea hearing, the State presented the facts underlying the defendant's offenses:

[W]ith regards to possession of cocaine, On March 23rd, 2007, investigators and deputies with the Madison County Sheriff's Department went to the Airways Motel here in Jackson, Madison County, and there they arrested Kimberly Jackson and Curtis Reese in Room 122.  Mr. Reese had a small child with him in the room and he asked if the deputies would take the child to one of his relatives who was staying in Room 222 and that was the defendant, Tryphena Jones.  As the deputies arrived, Ms. Jones opened the door.  Officers could smell burned marijuana inside the room and they asked for consent to search.  T[he] defendant gave consent for the deputies

to enter the room. Upon entering the room, the defendant did tell the officers that she had just finished smoking marijuana prior to the officers['] arrival and they did find a partially smoked blunt of marijuana in plain view. They also found in a plastic bag some crack cocaine. That was also in plain view. Those things were photographed and taken into evidence. The marijuana was not weighed at the lab and she was not indicted for that. The cocaine . . . weighed at 1.4 grams. This happened here in Madison County.

With regard to [the failure to appear count of the indictment], this case was set to be heard in Madison County General Sessions Court on April 5th of 2007 and the defendant, Tryphena Jones, failed to appear in Madison County General Sessions Court on that day, April the 5th. That too occurred here in Madison County, Tennessee.

At the December 20, 2007, sentencing hearing, the thirty-four-year-old defendant testified that she had been using crack cocaine since she was twelve years old but had never sought any treatment for her addiction. She said that she had been taking medications for a mental health illness since the age of sixteen. She acknowledged that drugs had been "a big problem" in her life but said she wanted to receive treatment for her addiction. The defendant also acknowledged that she had prior convictions for robbery, possession of marijuana, prostitution, assault, vandalism under $500, failure to appear, driving on a suspended license, and theft of property under $500.

Finding that the defendant had an extensive criminal history and was on probation at the time she committed the offenses, the trial court sentenced her to eleven months, twenty-nine days for each offense, to be served consecutively at seventy-five percent release eligibility. The court also ordered that the defendant's sentences be served consecutively to a prior eleven-month-twenty-nine-day sentence from Jackson City Court.

## ANALYSIS

The defendant argues that the trial court erred in ordering that she serve her sentences consecutively, saying that a concurrent sentence "would have still been severe and would have avoided depreciating the seriousness of her offenses."

Appellate review of misdemeanor sentencing is *de novo* on the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. §§ 40-35-401(d), -402(d) (2006). This presumption of correctness is conditioned upon the affirmative showing that the trial court considered the relevant facts, circumstances, and sentencing principles. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is on the appealing party to show that the sentence is improper. See Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Cmts.

In ordering consecutive sentences, the trial court made the following findings:

[A]t a very young age, [the defendant] was convicted of a very serious offense that being robbery out of Shelby County, Tennessee and received a three year sentence

and apparently served that sentence there in Shelby County. After being released, apparently did well for a while. According to [the presentence report], it doesn't appear she had any substantial arrests or any convictions for several years, but then it looks like in 2001, . . . a drug addiction kind of took a hold of her again. She was convicted of some drug offenses in Shelby County General Sessions Court back in March of 2001 involving possession of marijuana. Also in April of 2001 for prostitution. . . . It looks like in July of 2001, was arrested for aggravated assault and vandalism. It looks like she pled guilty to misdemeanors on those. It looks like she was put on probation for a year. Also another failure to appear in 2001 out of Shelby County General Sessions Court.

It looks like at least during that time period that she was living and getting in trouble in Shelby County. For whatever reason, she tells me it is related to a drug addiction. Here in the last year, and really this is kind of substantial in the Court's opinion, since December of 2006, December the 4th, she has been arrested on traffic offenses here in Madison County and been convicted of driving on suspended license, received 11 months and 29 day sentence beginning December the 4th of 2006 and was granted probation. It looks like just 18 days later, she [was] arrested for theft of property under $500 here in Jackson. She was convicted in Jackson City Court on December the 26th . . . and received 11 months and 29 day suspended sentence and was put on probation again. When these offenses occurred that she is being sentenced for[,] back [on] March 23rd of '07, that's the drug charge[] and then the failure to appear in April of '07, obviously she was already on probation for two separate 11 months and 29 day sentences out of Jackson City Court.

Since she's been out on bond, she's received more arrests. May 12th of 2007 was arrested for driving on suspended license and was later convicted June 25th, 2007. That's out of Shelby County. Somehow or another, she made her way back to Shelby County in May and got into trouble there. She came back to Jackson it looks like September the 10th of 2007 and she was arrested here in Jackson, Tennessee and convicted out of Jackson City Court on September the 20th of '07, convicted of a simple assault, theft of property under $500 and also vandalism under $500.

She has a pretty extensive criminal history. Especially just within the last year, she has been given probation on at least two different occasions and while on probation, she's violated it. She has violated it by this case here she's being sentenced for today. She has violated it by being arrested for . . . driving on suspended license in May. She violated it by receiving new convictions for assault, theft and vandalism in September of '07. . . . [S]he's been arrested at least three or four times while on probation.

. . . .

These two sentences I'm going to run consecutive to each other, so she's going to have approximately a two year sentence for these charges here today. Also, I am running these sentences consecutive to the 11 months and 29 day sentence out of 2007M-2111, that's the Jackson City Court case which apparently she's still under some type of supervision. These sentences today are consecutive plus consecutive to those sentences out of Jackson City Court.

As a general rule, consecutive sentences are imposed at the discretion of the trial court upon its consideration of one or more of the following statutory criteria:

(1) The defendant is a professional criminal who has knowingly devoted the defendant's life to criminal acts as a major source of livelihood;

(2) The defendant is an offender whose record of criminal activity is extensive;

(3) The defendant is a dangerous mentally abnormal person as declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

(4) The defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

(5) The defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

(6) The defendant is sentenced for an offense committed while on probation; or

(7) The defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b) (2006). These criteria are stated in the alternative; therefore, only one need exist to support the appropriateness of consecutive sentencing.

The record supports the trial court's imposition of consecutive sentencing based on the defendant's extensive criminal record. At the sentencing hearing, the defendant admitted to having eight prior convictions, and her presentence report reveals that she has fourteen prior convictions for various offenses and that she was on probation at the time she committed the offenses which are the basis of her appeal. Accordingly, we affirm the trial court's imposition of consecutive sentencing.

## CONCLUSION

Based upon the foregoing authorities and reasoning, the judgments of the trial court are affirmed.

_____
ALAN E. GLENN, JUDGE